IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIAH RIVERS,<br>Plaintiff, | : <br> : <br> : <br> : |
| v. | : CIVIL ACTION <br> : NO. 07-CV-617 |
| DAVID J. WAKEFIELD, et al.,<br>Defendants. | : <br> : <br> : |

FILED
JUN 2 6 2007
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

**AND NOW**, this 25th day of June 2007, upon consideration of the Petition for Writ of Habeas Corpus [Doc. # 1], the Respondents' Response [Doc. # 11], Chief United States Magistrate Judge Charles B. Smith's Report & Recommendation [Doc. # 12], and Petitioner's Traverse and Response to the Report & Recommendation [Docs. ## 13 & 14], and after independent review of the Record and applicable law, it is hereby **ORDERED** that:

(1)  the Report & Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] In his Petition for Writ of Habeas Corpus, Petitioner asserts that he is being held in violation of the Constitution because the counsel who represented him in state court was ineffective. In his objections to the Report & Recommendation ("R & R"), Petitioner continues to focus on this argument, claiming that he would "not be in this situation" had the state courts honored his constitutional right to effective counsel.

Overall, Petitioner's objections miss the point. Chief Judge Smith's R & R recommends that the Court deny the Petition because it was not filed in a timely manner. Even if Petitioner's substantive arguments had some merit, they are not to be considered if Petitioner failed to comply with the applicable statute of limitations.

The R & R correctly outlines the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and explains the only circumstances under which the limitations period may be tolled. In Petitioner's case, the statute began to run 30 days after he entered his guilty plea, since he failed to seek any direct review. Seventy days later, he filed a motion to withdraw his guilty plea, which the Pennsylvania state courts generously treated as a petition under the Post-Conviction Relief Act ("PCRA"). This filing tolled the statute of limitations from July 18, 2001, until July 29, 2004, when the Pennsylvania Supreme Court denied Petitioner's request for an appeal of the Superior Court's decision to deny the petition. Thereafter, Petitioner had 295 days—until May 20, 2005—to file a petition for habeas corpus under the AEDPA. Instead of filing a habeas petition, however, Petitioner filed a motion to modify his sentence in Pennsylvania state court, which was promptly dismissed for lack of jurisdiction. This motion did not toll the statute of limitations. Then, Petitioner filed a second PCRA petition. This petition was dismissed as improperly filed, and therefore, under well-settled law in the Third Circuit, did not toll the statute. Consequently, the time to file a petition for habeas corpus expired on May 20, 2005,

and Petitioner's instant Petition—filed almost two years after the limitations period expired, on February 17, 2007—is untimely.

While Petitioner's objections to the R & R present mainly substantive arguments for relief, he devotes a brief section of his objections to challenging the Court's statute-of-limitations calculation. He argues that his July 2001 motion to withdraw his guilty plea, which the Pennsylvania Superior Court construed as a PCRA petition, reinstated his direct appeal rights. He therefore argues that the AEDPA statute of limitations could not have begun to run until his "direct appeal" was finally resolved, which he claims occurred in July 2004. He further argues that his second motion to modify his sentence, filed in August 2004, should be considered his first PCRA petition, and, therefore, should not have been dismissed as untimely. If it had not been dismissed as improperly filed, then the statute would have been tolled during its consideration, and the filing of his habeas petition would not have been untimely.

In making these arguments, Petitioner relies on Pennsylvania case law that is irrelevant in the instant matter. The cases cited involve petitioners who had their direct-appeal rights reinstated by the state courts at some point, granting them the right to file direct appeals even though the appeal period had expired, and restarting the statute-of-limitations period. See Commonwealth v. Wright, 846 A.2d 730 (Pa. Super. Ct. 2004); Commonwealth v. Karanicola, 836 A.2d 940 (Pa. Super. Ct. 2003). Petitioner's attempt to analogize the instant case to these Pennsylvania cases is unpersuasive. Petitioner's direct-appeal rights were never reinstated; rather, the Pennsylvania Superior Court treated his first *nunc pro tunc* motion as a PCRA petition, considering its merits under the rubric of the PCRA. His second motion was therefore properly considered a second PCRA petition, and correctly dismissed as improperly filed out of time. The cases that Petitioner cites, therefore, are inapposite to this Court's application of the habeas corpus statute of limitations in relation to the instant Petition.

The only remaining mechanism for potentially tolling the statute of limitations in Petitioner's case is the doctrine of equitable tolling. While Petitioner has not argued that equitable tolling applies in his case, the Court has nonetheless considered its applicability.

It is well established that equitable tolling is appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275–76 (3d Cir. 2005). "Mere excusable neglect is not sufficient" to warrant equitable tolling of the limitations period. E.g., id. at 276; Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Had Petitioner chosen to argue for equitable tolling, his only possible argument would be that he "timely asserted his rights mistakenly in the wrong forum." See, e.g., Jones, 195 F.3d at 159. The Third Circuit has not yet explicitly ruled on the application of the doctrine of equitable tolling when a petitioner improperly files a state post-conviction motion that resembles a habeas petition. See Satterfield v. Johnson, 434 F.3d 185, 196 (3d Cir. 2006). But, in light of the dictate that equitable tolling should be applied "'only sparingly,'" United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (quoting Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990)), and in view of the various cases in which the Third Circuit has declined to apply the doctrine of equitable tolling under similar circumstances, see, e.g., Douglas v. Horn, 359 F.3d 257 (3d Cir. 2004) (holding that statutory tolling was not available when state-court filing was improperly filed, and declining to equitably toll the statute of limitations based on the state-court filing); Brown v. Shannon, 322 F.3d 768 (3d Cir. 2003) (same), this Court will not equitably toll the statute in this case.

There is no evidence of extraordinary circumstances in this case; Petitioner was not prevented from filing a federal habeas petition at any time after his PCRA petition was finally denied and dismissed in July 2004. Instead, he chose to repeatedly file improper motions in state court. Only his own neglect prevented him from filing in federal court, and neglect is not an excuse for failing to comply with the statute of limitations. To toll the limitations period under these circumstances would defeat the purpose of AEDPA's strict statutory filing period, and the Court declines to do so.

(2)   the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. # 1] is **DENIED** and **DISMISSED** without an evidentiary hearing;

(3)   there is no probable cause to issue a certificate of appealability; and

(4)   the Clerk of Court shall **CLOSE THIS CASE**.

It is so **ORDERED**.

BY THE COURT:

*[signature]*

CYNTHIA M. RUFE, J.

---

Accordingly, Petitioner's objections are insufficient to persuade the Court to reject the R & R. The R & R correctly applies the AEDPA statute of limitations to the actual circumstances in Petitioner's case. Accordingly, the Court approves and adopts Chief Magistrate Judge Smith's R & R, and denies and dismisses Petitioner's Petition for Writ of Habeas Corpus.